UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL CASSELL and<br>SULY RODRIGUEZ,<br>    Plaintiffs<br><br>v.<br><br>LOCUST MOTORS LLC AND<br>WESTLAKE SERVICES, LLC D/B/A<br>WESTLAKE FINANCIAL SERVICES,<br>    Defendants | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>MARCH 19, 2021 |

## **COMPLAINT**

### I.   INTRODUCTION

1. This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Connecticut Retail Installment Sales Finance Act, Conn. Gen. Stat. § 36a-770 *et seq.* ("RISFA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and for civil forgery, civil theft and conversion. Westlake Services, LLC is liable as assignee of the Contract pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

### II.   PARTIES

2. Plaintiff, Michael Cassell ("Cassell"), is a consumer residing in Tolland, Connecticut.

3. Plaintiff, Suly Rodriguez ("Rodriguez", collectively "Plaintiffs"), is a consume residing in Tolland, Connecticut.

4. Defendant, Locust Motors LLC ("Locust"), is a Connecticut limited liability company and is licensed to operate an automobile dealership in Hartford, Connecticut.

5. Defendant, Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake"), is a California limited liability company with a principal office in Los Angeles, California, that accepts assignment of retail installment contracts.

### III. JURISDICTION

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640, 28 U.S.C. § 1331, and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over Locust because it is located in Connecticut and is organized under Connecticut law.

8. This Court has jurisdiction over Westlake because it regularly conducts business in this State.

9. Venue in this Court is proper because the Plaintiffs reside in this state and the transaction occurred in this state.

### IV. FACTUAL ALLEGATIONS

10. Prior to March 26, 2020, Plaintiffs saw a 2013 Volkswagen Jetta GLI sedan (the "Vehicle") for sale on Locust's website for a sale price of $8,599. The advertisement did not disclose a dealer conveyance fee.

11. On or about March 26, 2020, Plaintiffs went to Locust, and they agreed to purchase the Vehicle.

12. Plaintiffs paid Locust a down payment of $3,450, and they financed the balance pursuant to a retail installment contract that was subsequently assigned to Westlake.

13. Locust prepared a Purchase Order that inaccurately listed the down payment as $3,000, even though Plaintiffs had paid $3,450.

14. Cassell noticed the discrepancy in the down payment, and Locust told him that the $450 was a "bank fee". The "bank fee" is not disclosed in the Purchase Order, or other purchase paperwork.

15. On information and belief, Locust deducted the $450.00 from Plaintiffs' down payment because it intended to assign the retail installment contract to Westlake, a discount finance company that charged a fee to Locust and/or otherwise delayed compensation in order to accept assignment.

16. Locust presented the Purchase Order and other purchase paperwork to Plaintiffs, and they both signed the documents in ink.

17. Unbeknownst to Plaintiffs, on or about March 26, 2020, Locust prepared a Retail Installment Contract (the "Contract") and electronically forged their signatures on the Contract and submitted the forged Contract to Westlake.

18. Plaintiffs could not have electronically signed the forged Contract on March 26, 2020 because they were not at the dealership prior to 9:00 a.m. EDT before the dealership opened. According to the date and time stamped on the Contract, the Contract was electronically signed on March 26, 2020 by Cassell at 11:40:05 AM PDT and by Rodriguez at 11:42:03 AM PDT. Those times are respectively 8:40 AM EDT and 8:42 EDT.

19. The forged Contract listed a cash down payment of $3,000, even though Plaintiffs had paid $3,450, and included a charge of $589 for a dealer conveyance fee. The forged Contract included an assignment to Westlake.

20. As a result of failing to apply the entire amount of the down payment to the transaction, the amount financed is overstated and the finance charge is understated.

21. While Plaintiffs did receive certain TILA disclosures in the Purchase Order, these disclosures were incomplete and inaccurate.

22. On or about March 12, 2020, Plaintiff provided written notice of the below described violations of the Retail Installment Sales Financing Act. Despite notice, Westlake continues to claim interest on the Contract and benefits from Locust's violations.

## V.  CAUSES OF ACTION

### A.  TRUTH IN LENDING ACT (Locust only)

23. Locust is a "creditor", as that term is defined by 15 U.S.C. § 1602(f) of TILA and Regulation Z, 12 C.F.R. § 226.2(a)(17) and 12 C.F.R. § 1026.2(a)(17), because Locust regularly extends credit to car purchasers and entered into such transactions at least 25 times in the calendar year preceding the sale to Plaintiffs.

24. Locust violated TILA because the $450 "bank fee" that was deducted from their down payment was a "finance charge" within the meaning of TILA, and should have been disclosed as a finance charge in the TILA disclosures on the Contract, but instead were included as part of the amount financed.

25. As a result of Locust's failure to apply the entire down payment to the transaction, all of the TILA disclosures are inaccurate specifically the amount financed is overstated and the finance charge is understated, as a result the annual percentage rate is also understated. This violates Regulation Z of TILA.

26. Locust is liable to Plaintiff for actual damages plus additional statutory damages of $2,000 and attorney's fees and costs.

### B. RETAIL INSTALLMENT SALES ACT (both defendants)

27. The Contract is a retail installment sales contract within the meaning of RISFA.

28. Locust violated RISFA by its failure to obtain Plaintiffs' electronic signature to the Contract.

29. Locust further violated RISFA, Conn. Gen. Stat. § 36a-772(a), because the true annual percentage rate is in excess of 19% as a result of Locust's failure to include the $450 bank fee as part of the finance charge.

30. Locust further violated RISFA through its violations of TILA, as pled above, which constitute violations of RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

31. Locust further violated RISFA by failing to provide Plaintiffs with a copy of the Contract.

32. Plaintiffs are entitled to an order pursuant to Conn. Gen. Stat. § 361-786, that no finance charge is owed.

33. Westlake is liable as assignee of the Contract pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

### C. CIVIL FORGERY (both defendants)

34. Locust forged Plaintiffs' signatures on the Forged Contract.

35. Locust is liable to Plaintiffs for double their damages plus common law punitive damages pursuant to Conn. Gen. Stat. § 52-565.

5

36. Westlake is liable as assignee of the Contract pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

### D. CIVIL THEFT (Locust)

37. Locust committed civil theft by keeping a portion of Plaintiffs' down payment, and failing to apply it to the purchase with the intent of permanently depriving Plaintiffs' of their property.

38. Locust is liable to Plaintiffs for triple their damages pursuant to Conn. Gen. Stat. § 52-564 plus common law punitive damages.

### E. CONVERSION (both defendants)

39. Locust committed conversion with respect to the down payment.

40. With the intent to permanently deprive Plaintiffs of a portion of their down payment, Locust has retained the $450 it took from the down payment and failed to apply it to the transaction.

41. Plaintiffs have been damaged by Locust's conduct.

42. Locust is liable to Plaintiffs for their damages.

43. Westlake is liable as assignee of the Contract pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

### F. CONNECTICUT UNFAIR TRADE PRACTICES ACT (both defendants)

44. Locust has engaged in unfair and deceptive acts, as aforedescribed, in violation of CUTPA.

45. Locust violated CUTPA in the following ways:

    a. The violations of TILA and RISFA as aforedescribed;

    b. It forged Plaintiffs' electronic signatures on the contract;

    c. It kept a portion of Plaintiffs' down payment for itself and failed to apply it to the purchase price of the Vehicle; and

    d. It failed to disclose the dealer conveyance fee in its advertisement.

46. Locust's conduct, as aforedescribed, was deceptive and unfair and in violation of CUTPA, and it has caused Plaintiffs to suffer ascertainable losses and damages in that they were charged a conveyance fee of $589, they lost the additional $450 they paid as a down payment towards the purchase, and they paid a higher APR than allowed by law, resulting in higher finance charges.

47. Locust is liable to the Plaintiffs for their actual damages plus punitive damages and a reasonable attorney's fee and costs.

48. Westlake is liable as assignee of the Contract pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

WHEREFORE, Plaintiffs claim actual damages, TILA statutory damages of $2,000, double damages, punitive damages, triple damages, attorney's fees and costs, and an order that no finance charges are owed under the Contract.

        PLAINTIFFS, MICHAEL CASSELL and
        SULY RODRIGUEZ

By: */s/ Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Brendan L. Mahoney (ct29839)
    bmahoney@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT 06067
    Tel. (860) 571-0408
    Fax (860) 571-7457